UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESHAWN MAURICE HARRELL,

Plaintiff,

v.

DENISE LEE, et al.,

Defendants.

Case No. 25-cv-07433-NW

**ORDER SCREENING AND DISMISSING COMPLAINT**

Plaintiff Eshawn Maurice Harrell, a state detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  ECF No. 1.  The Complaint is now before the Court for screening pursuant to 28 U.S.C. § 1915A(a).  For the reasons outlined below, the Court **DISMISSES** the Complaint.

**I.      BACKGROUND**

Harrell alleges that private defenders Denise Lee and Mark Compari misplaced and refused to file a copy of his petition for writ of habeas corpus and a letter he wrote to the judge presiding over his probation violation proceedings.  Harrell alleges that their conduct was negligent, caused him negligent infliction of emotional distress, and violated his right to due process.  He also alleges that he is falsely imprisoned.  He seeks monetary damages.

**II.     LEGAL STANDARD**

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). "A person deprives another 'of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

### III.    DISCUSSION

#### A.    Federal Claims

Harrell's complaint names two defense attorneys as Defendants.  While public defenders and defense attorneys are not immune from suit, they are not subject to liability under 42 U.S.C. § 1983 because they are not state actors.  *See Polk County v. Dodson*, 454 U.S. 312, 318–19 (1981) (public defenders not state actors when performing traditional lawyer functions); *Simmons v. Sacramento Cnty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003) (private defense attorneys are not state actors).  Here, Harrell alleges that Defendants violated his rights based on their failure to file his petition or give the judge Harrell's letter, which he gave to them due to their roles as legal counsel.  ECF No. 1 at 2.  Even assuming that Defendants' decision not to file the documents was incorrect, the decision whether to file a habeas petition or give a judge *ex parte* communications from their client clearly falls within the purview of a lawyer's traditional function.  *See Miranda v. Clark Cnty., Nevada*, 319 F.3d 465, 468 (9th Cir. 2003) (public defender's decision not to hire investigator fell within traditional lawyer function).  Harrell's former defense attorneys are therefore not proper Defendants for purposes of 42 U.S.C. § 1983.  The federal claims against them are **DISMISSED WITHOUT LEAVE TO AMEND**.  *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal.").

#### B.    State Law Claims

Given that Harrell fails to state a cognizable federal claim, the Court presently has no basis for jurisdiction over Harrell's state law claims.  Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  Generally, original federal jurisdiction is premised on federal question jurisdiction or diversity jurisdiction.  Here, Plaintiff has not asserted a cognizable violation of federal law or diversity jurisdiction.  Where a plaintiff is acting pro se and the Court finds that the plaintiff's complaint fails to state a cognizable federal claim (*see* 28 U.S.C. § 1915(e)(2)), the Court must give the litigant notice of the deficiencies of the complaint and an opportunity to amend unless the

deficiencies clearly cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). Because Harrell cannot amend his federal claims and the face of the Complaint shows that no diversity jurisdiction exists, the Court concludes that the deficiencies cannot be cured by amendment. *See* ECF No. 1 at 2 (stating that both Defendants are in Redwood City, California).

The state law claims are **DISMISSED WITHOUT PREJUDICE** to Harrell seeking relief in the appropriate venue.

## IV.    CONCLUSION

The Court orders as follows:

1.    The claims against Lee and Compari are **DISMISSED WITHOUT LEAVE TO AMEND.**

2.    The state law claims are **DISMISSED WITHOUT PREJUDICE** to Harrell seeking relief in the appropriate venue.

3.    As no other claims or defendants remain, the case is **DISMISSED**.

4.    The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 23, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

4